Dear Sheriff Marino:
Your request for an Attorney General Opinion was forwarded to me for research and reply. As I understand it, your questions are as follows:
(1) Is the criminal court fund or the parish general fund obligated for paying per diem expenses incurred by detaining juveniles in regional facilities?
 (2) Which agency is responsible for paying costs incurred by transporting juveniles?
(3) If a district court assigns a juvenile to home incarceration, which agency is responsible for the costs thereby incurred?
In response to your first question, Attorney General Opinion (A.G.O.) No. 81-411-A states that the local governing authority, not the district court, is responsible for all costs associated with the detention of juveniles prior to their adjudication as delinquent, a child in need of care, or a child in need of supervision.[1] Therefore, based upon this opinion, the police jury would be responsible for any charges arising from the pre-adjudication detention of juveniles in regional facilities, and thereby the expenses would be paid by the parish general fund.
Costs incurred following the adjudication of juveniles is a different matter.[2] A juvenile court has a wide range of options when placing a juvenile subsequent to his adjudication. See La. C.J.P. arts. 83 and 84. Under La. R.S. 13:1582, the parents of a child committed by a court to non-parental custody may be required to pay all or a portion of the child's expenses, according to the parents' ability to pay.
However, when the Louisiana Department of Public Safety and Corrections accepts custody of a child pursuant to a court order, that agency has the sole authority to make treatment decisions for that child. See La. R.S.13:1580. Moreover, the Department of Public Safety and Corrections must pay for the maintenance of any child "held in a local institution or facility due to the inability of the department to accept the child" as outlined in La. R.S. 46:1906. The department has a broad mandate to coordinate all services consisting of the management and operation of state institutions providing treatment for delinquents and children in need of supervision. See La. R.S. 46:1905 and La. R.S. 46:1910.
In regards to your second question as to which agency is responsible for paying for the transportation costs of juveniles, no statutory provision could be found which specifically provides for reimbursement of these expenses.[3] Parish government is generally responsible for any expenses involving juvenile detainees above and beyond that covered by state agencies. As to which particular parish fund is obligated for any particular expense appears to be a question that is resolved individually by each local governing authority. Thus, in answer to your second question, the local governing authority would be responsible for the transportation costs of juveniles, but which parish fund actually pays the expenditure is left up to the discretion of that governing body.
Finally, your third question deals with the expenses incurred should a court place a juvenile under home incarceration. Again, there is no statutory provision answering this question. However, Beth Meng of the Office of Youth Development of the Louisiana Department of Public Safety and Corrections informed our office that at this time her agency pays for this expense. For further information about the responsibilities of the Office of Youth Development, you should contact Ms. Meng by calling 504-342-2655.
In conclusion, based upon A.G.O. No. 81-441-A, this office is of the opinion that the parish general fund and not the criminal court fund is responsible for paying the per diem charges incurred by housing juveniles prior to adjudication. Costs incurred subsequent to adjudication would be incurred either by the juvenile's parents or the Louisiana Department of Public Safety and Corrections, depending upon the court's disposition of the case. Further, costs of transporting juveniles generally fall upon the local governing authority to be paid from whatever fund it so chooses absent any contrary statutory provision. Finally, while not statutorily required, the Office of Youth Development is now paying costs involving the home incarceration of juveniles.
I hope this opinion satisfactorily answers your questions, but should you need any further assistance, please do not hesitate to call. I realize you submitted your opinion request some time ago but staff and time limitations prevented an earlier reply. I appreciate your patience in this matter.
With kind regards, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 KATHLEEN E. PETERSEN Assistant Attorney General
KEP/PA/bb-2082e
[1] A.G.O. No. 81-411A recalled A.G.O. No. 81-411, which had erroneously concluded that a district court through the criminal court fund was responsible for the pre-adjudication detention costs of juveniles.
[2] Parishes have the responsibility to establish juvenile detention homes if so desired, although state subsidies are available to assist parishes in operating community-based youth service programs.
[3] Louisiana law does provides for which agency is responsible for transporting the juveniles. Under La.C.J.P. art. 34(C)(3), a "peace officer or an appropriate representative of the arresting agency shall have the authority and responsibility to transport the child to the appropriate juvenile detention center when required. . . ." Furthermore, La. C.J.P. art. 37(C)(2) provides that if continued custody is required prior to adjudication, again "the appropriate representative of the arresting agency shall be responsible for transporting the child" back and forth to any hearings and to and from the juvenile detention facility to which he may be assigned.